for all its loss. The entry will therefore be, Motion sustained unless the plaintiff within thirty days from filing of rescript remits all the verdict in excess of $7,500. If remittitur is seasonably filed, motion overruled. *Frank A. Morey*, for plaintiff. *Charles B. Carter of White, Carter and Skelton*, for defendant.

---

## T. F. CASSIDY & SON

### vs.

### ROGERS AND WEBB and MORISON BROTHERS, Trustees.

Penobscot County. Decided June 12, 1923. This case as it was tried and comes to us upon motion after verdict, presents a pure question of fact.

The testimony is flatly contradictory. The defendant Webb and one witness confuted, absolutely, the testimony of the plaintiffs and their two witnesses.

We are of the opinion, however, that the plaintiffs sustained the burden of the proof.

The controversy was over an alleged oral agreement on the part of the defendants to become responsible, as original promisors, for certain material which had been furnished and to be furnished to the Boston & Penobscot Ship Building Co. for the completion of a ship in which the defendants had become large owners on the date of the alleged promise, July 29, 1919.

Later the plaintiffs took a trade acceptance of the Ship Building Co. for the amount of their bill, $1,646.15, which was renewed once or twice, and then protested for nonpayment. After this had happened the plaintiffs wrote the defendants in regard to the protest, stating the amount of their bill to be $1,646.15. We think the defendants' letter in reply to the plaintiffs' communication, stating the amount of their bill, contains a clause that may be regarded as a recognition of the plaintiffs' bill, as distinguished from the other bills. The letter says, "For your information we beg to advise that we gave the Shipbuilding Company a check covering your bill the day

after the vessel was launched." We are of the opinion that the phrase "covering your bill" construed in connection with the plaintiffs' testimony that the defendants agreed to pay it, could have been fairly interpreted by the jury as corroborative of the plaintiffs' contention. However this may be, the jury, if they believed the plaintiffs and their witnesses, had sufficient other evidence upon which to base their verdict. Motion overruled. *Fellows & Fellows*, for plaintiffs. *Donald F. Snow and Albert T. Gould*, for defendants.

---

ROBERT J. REILLY *vs.* ANNA W. REILLY.

Penobscot County. Decided June 12, 1923. In the libel for divorce underlying the present case, the allegations of wrong conduct laid by a husband against his wife were those of adultery and cruel and abusive treatment. A decree was entered on the ground of cruel and abusive treatment. But, the record being barren of supporting proof, the granting of the divorce for the cause assigned must be ascribed to the circumstance of finding facts in the absence of evidence, and on this the law frowns. The libellee's exceptions are sustained. *Clinton C. Stevens*, for libellant. *Maxwell & Conquest*, for libellee.

---

LYDIA DOUCETTE *vs.* E. W. GROSS COMPANY.

Androscoggin County. Decided July 3, 1923. This is an action brought to recover damages which the plaintiff says she received through the negligent conduct of defendant's servants. As usual there is a controversy over the issue as to whether defendant's servants were negligent, and since that issue has been decided by the jury in favor of the plaintiff we would not set the verdict aside on that issue. On the other hand there is no controversy over the conduct of the plaintiff. She told her own story and called witnesses in her behalf; but viewing her testimony in its best light it is plain that